# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARIA GARCIA,<br>Defendant. | Case No. 24-MJ-1439<br>ORDER OF DETENTION<br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. §§ 3143(a)(1), 3148(b)] |

I.

On March 13, 2024, Defendant Maria Garcia made her initial appearance in this district following her arrest on the petition for revocation of supervised release and warrant for arrest issued in the Southern District of California on January 25, 2024. Deputy Federal Public Defender, Shannon Coit, was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Willian Larsen. A detention hearing was held.

## II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that :

A. ☒ Defendant has not carried her burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ allegations in the petition: Defendant failed to comply with the conditions of supervised release by submitting a urine sample on October 25, 2023 that tested positive for the use of amphetamine/methamphetamine, and failed to report to the probation office as directed in October 2023 and November 2023, and appears to have absconded from supervision.

☒ unstable residential history – Defendant was reportedly squatting at a vacant apartment.

☒ history of substance use

B. ☒ Defendant has not carried her burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ criminal history includes drug related convictions

☒ history of substance abuse

☒ defendant is subject to a temporary protective order and reportedly continued to harass and intimidate the victim after the protective order was issued

☒ allegations in the petition (see above)

### III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal to be removed to the Southern District of California.

<u>The Court directs government counsel to follow up with government counsel in the charging district regarding Defendant's next scheduled date, and provide this information to DFPD Coit in order to monitor the status of defendant's transportation to, and arrival in, the charging district for her next appearance.</u>

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: March 13, 2024

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE